Mr. R. Paul Hughes III Attorney at Law 5903 Jenny Lind Fort Smith, AR 72903
Dear Mr. Hughes:
This is in response to your request for an opinion, pursuant to A.C.A. 25-19-105(c)(3)(B) (Supp. 1993), as to whether the decision of the Fort Smith Public School system ("School") with respect to the release of Tom Hester's employment application is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. 25-19-101 to -107 (Repl. 1992 and Supp. 1993).[1] Correspondence attached to your request indicates that the School has agreed to provide access to the teaching application dated May 11, 1979, after deleting Mr. Hester's social security number.
I assume, as an initial matter, that your request does not involve employee evaluation or job performance records. See A.C.A. 25-19-105(c)(1). There is no suggestion in the correspondence submitted with your request that such records are involved, although you do note that Mr. Hester was dismissed by the School in May of 1994. Employee evaluation and job performance records are open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate, if there is a compelling public interest in their disclosure. Id.
With regard to the employment application, this office has previously stated that employment applications of successful applicants are generally considered "personnel records" for purposes of the FOIA. See Ops. Att'y Gen. 93-421 and 94-178. While a decision to release an employment application of a successful job applicant is, in my opinion, generally consistent with the FOIA, it must be recognized that personnel records are exempt from public disclosure under A.C.A. 25-19-105(b)(10) "to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy." Thus, in this instance, the employment application should be released after deleting any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy).
It is my opinion that the School's decision to excise Mr. Hester's social security number is consistent with the FOIA. See Ops. Att'y Gen. 94-178, 94-113, 93-055. I lack sufficient information, not having reviewed the actual records, to make a conclusive determination regarding deletion of any other particular information. In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. It was stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992), that:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
The Court in Young relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Other federal case law, like that relied upon in Young, delineates other types of information the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co., v. F.B.I.,460 F.Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
As a final matter, it should be noted that certain other records, whether or not they are part of one's personnel records, such as medical, scholastic, adoption, or tax information, are specifically exempted under the FOIA. See A.C.A. 25-19-105(b). With regard to scholastic records, this office has stated that grade transcripts are scholastic records, but that lists of schools attended and degrees received are not. Op. Att'y Gen.87-108.
In conclusion, as noted above, courts have found relatively little privacy interest in records revealing training or education background and work experience. Assuming that the employment application in this instance does not contain the type of intimate information, as noted above, that might constitute a clearly unwarranted personal privacy invasion, or any other specifically exempted information, it is my opinion that the School's decision to release the application, with the social security number deleted, is consistent with the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Although your opinion request suggests that you are asking whether Mr. Hester's "personnel file" is exempt from release under the FOIA, I assume that the inquiry actually focuses on the employment application. As noted above, the correspondence attached to your request indicates that the School has responded to a request for access to Mr. Hester's employment application, and specifically his work history as stated on the application, by agreeing to provide this information after deletion of his social security number. Under the FOIA, either the custodian, requester, or the subject of the records may seek an opinion from the Attorney General stating whether this decision is consistent with the FOIA. See A.C.A. 25-19-105(c)(3)(B).